son's lien thereon, the proceeds to be applied—first, to the expenses of sale and the plaintiff's costs and disbursements in this court and the court below; second, to the satisfaction of plaintiff's said judgment; and the surplus, if any, to be paid to whoever may be found entitled thereto by the court below.  MODIFIED.

Decided 30 July, 1900.
## DICKINSON *v.* SCHALLUS.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by C. T. Dickinson against Fred Schallus to restrain a threatened sale of real estate on an execution based on a judgment against plaintiff's grantor.  Plaintiff appealed from the decree.  DISMISSED.

*Mr. Granville G. Ames*, for appellant.

*Messrs. Paxton, Beach & Simon*, for respondent.

The parties hereto having stipulated for a dismissal of the cause, it was so ordered.  No opinion.
DISMISSED.

Decided 30 April, 1900.
## GILCHRIST *v.* LARCH MOUNTAIN INVEST. CO.

From Multnomah: ARTHUR L. FRAZER, Judge.

Action by S. A. Gilchrist to recover from the Larch Mountain Investment Co. a certain sum of money. Plaintiff had judgment for want of an answer, and sold certain real property on execution, whereby his judgment was entirely satisfied.  Defendant appeared in opposition to the confirmation of the sale, and appealed from the